Filed 1/5/23  P. v. Durbin CA2/6
Opinion following transfer from Supreme Court
**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JAMES NICKOLAS DURBIN,<br><br>    Defendant and Appellant. | 2d Crim. No. B305999<br>(Super. Ct. No. KA064692)<br>(Los Angeles County)<br><br>OPINION ON TRANSFER<br>FROM SUPREME COURT |

Appellant Jack Nickolas Durbin was convicted of first degree murder in 2005.  (Pen. Code, §§ 187, subd. (a), 189.)[1]  The jury found true a special circumstance allegation that the murder had been committed while appellant was engaged in the commission of robbery.  (§ 190.2, subds. (a)(17)(A), (d).)  In 2019 appellant filed a petition to vacate his murder conviction and obtain resentencing pursuant to section 1170.95, now section 1172.6, which was added to the Penal Code by Senate Bill No.

---

[1] All statutory references are to the Penal Code.

1437 (S.B. 1437).[2] (Stats. 2018, ch. 1015, § 4.) The trial court summarily denied the petition because appellant had failed to make a prima facie showing that he could not be convicted of murder under current law. (§ 1172.6, subd. (c).)

In our original unpublished opinion (*People v. Durbin* (May 24, 2021, B305999)), we held that the jury's true finding on the special circumstance allegation rendered appellant ineligible for relief as a matter of law. We therefore affirmed the order denying his petition.

On July 29, 2021, the California Supreme Court granted review. On November 16, 2022, it transferred the matter back to us "with directions to vacate [our] decision and reconsider the cause in light of *People v. Strong* (2022) 13 Cal.5th 698 [*Strong*]."

The Attorney General concedes that, pursuant to *Strong*, appellant made a prima facie case for relief. We accept the concession. Thus, appellant is entitled to an evidentiary hearing under section 1172.6, subdivision (d). We vacate our original decision, reverse, and remand for further proceedings.

*Procedural Background*

In addition to being convicted of first degree murder, appellant was convicted of conspiracy to commit robbery and two counts of second degree robbery. (§§ 182, subd. (a)(1), 211, 212.5.) The trial court found true one prior serious felony conviction (§ 667, subd. (a)(1)) and one prior strike within the meaning of California's "Three Strikes" law. (§§ 1170.12, subds. (a)-(d), 667, subds. (b)-(i).) Appellant was sentenced to prison for a

---

[2] Effective June 30, 2022, section 1170.95 was renumbered as section 1172.6 with no change in text. (Stats. 2022, ch. 58, § 10.) We will refer to the statute as section 1172.6.

determinate term of 15 years plus an indeterminate term of life without the possibility of parole.

Appellant appealed from the judgment. In *People v. Berry et al.* (Oct. 19, 2006, B183555) [nonpub. opn.], we struck a parole revocation fine and affirmed the judgment as modified.[3]

In support of his 2019 petition for resentencing, appellant declared under penalty of perjury: (1) he was convicted of first degree murder under the felony-murder rule or the natural and probable consequences doctrine; (2) he could not currently be convicted of murder because of changes made by S.B. 1437; (3) he was not the actual killer; (4) he "did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of murder;" and (5) he "was not a major participant in the felony **or** [he] did not act with reckless indifference to human life."

The trial court denied appellant's petition because he "is not entitled to relief as a matter of law." The trial court reasoned that, based on the record of conviction, the jury had found true the special circumstance allegation. "This finding required the prosecution to show that the petitioner, as a non-shooter, had the intent to kill or acted with reckless indifference to human life while acting as a major participant in the robbery."

*Facts*

The following summary of the facts is taken from our 2006 unpublished opinion in appellant's appeal from the judgment:

Three persons were involved in the commission of the robbery – appellant, Shawn Berry, and George Berry. While Shawn Berry stood outside as a lookout, appellant and George

---

[3] The opinion is included in the record on appeal.

3

Berry entered a store. "[T]he victims [inside the store] were thrown to the floor, kicked, handcuffed, threatened with a knife and revolver, and [they] screamed." "Brandishing a large bowie knife, [appellant] kicked and handcuffed the store owner, Shu-Ying Chen. George Berry pointed a revolver at Chen's husband, . . . ordered him to the front of the store and pushed him down. [Husband] tried to remove his fanny pack and pled, 'I'll give you money, I'll give you money.'" "George Berry fired three shots, killing [husband]." The cause of death was a gunshot wound to the chest. "At the preliminary hearing, [appellant] blurted out 'I did this crime' and declared that Shawn Berry and George Berry had nothing to do with the robbery." At trial appellant's statement was admitted in evidence.

## S.B. 1437

"In Senate Bill No. 1437 . . . , the Legislature significantly narrowed the scope of the felony-murder rule. [Pursuant to new section 1172.6,] [i]t also created a path to relief for defendants who had previously been convicted of murder on a felony-murder theory but who could not have been convicted under the new law." (*Strong, supra*, 13 Cal.5th at p. 703.)

Appellant was convicted of murder on a felony-murder theory. In *Strong, supra*, 13 Cal.5th at p. 708, our Supreme Court noted: "Penal Code section 189, as amended [by S.B. 1437], now limits liability under a felony-murder theory principally to 'actual killer[s]' (Pen. Code, § 189, subd. (e)(1)) and those who, 'with the intent to kill,' aid or abet 'the actual killer in the commission of murder in the first degree' (*id.*, subd. (e)(2)). Defendants who were neither actual killers nor acted with the intent to kill can be held liable for murder only if they were 'major participant[s] in the underlying felony and acted with

4

reckless indifference to human life, as described in subdivision (d) of [Penal Code] Section 190.2' — that is, the statute defining the felony-murder special circumstance. (*Id.*, § 189, subd. (e)(3).)"

Section 1172.6 gives retroactive effect to the changes in section 189. It provides, "A person convicted of felony murder . . . may file a petition with the court that sentenced the petitioner to have the petitioner's murder . . . conviction vacated and to be resentenced on any remaining counts when" certain conditions apply. (§ 1172.6, subd. (a).) One of the conditions is that "[t]he petitioner could not presently be convicted of murder . . . because of changes to Section . . . 189 made [by S.B. 1437] effective January 1, 2019." (*Id.*, subd. (a)(3).) The petition must include a declaration by the petitioner showing that he is eligible for the relief afforded by section 1172.6. (*Id.*, subd. (b)(1)(A).)

"If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).) "Within 60 days after the order to show cause has issued, the court shall hold a hearing to determine whether to vacate the murder . . . conviction and to recall the sentence and resentence the petitioner . . . ." (*Id.*, subd. (d)(1).)

*People v. Strong*

In *Strong* our Supreme Court explained the significance of its prior decisions in *People v. Banks* (2015) 61 Cal.4th 788 (*Banks*) and *People v. Clark* (2016) 63 Cal.4th 522 (*Clark*): "*Banks* and *Clark* both substantially clarified the law governing findings under Penal Code section 190.2, subdivision (d): *Banks* elucidated what it means to be a major participant and, to a lesser extent, what it means to act with reckless indifference to human life, while *Clark* further refined the reckless indifference

5

inquiry." (*Strong, supra*, 13 Cal.5th at pp. 706-707.) Thus, "[f]or petitioners [such as appellant] with pre-*Banks/Clark* findings, no judge or jury has ever found the currently required degree of culpability for a first time." (*Id.* at p. 718.)

The Supreme Court held: "[Un]less a defendant was tried after *Banks* was decided [in 2015], a major participant finding will not defeat an otherwise valid prima facie case [under section 1172.6, subdivision (c)]. And unless a defendant was tried after *Clark* was decided [in 2016], a reckless indifference to human life finding will not defeat an otherwise valid prima facie case. [¶] Because Strong's case was tried before both *Banks* and *Clark*, the special circumstance findings do not preclude him from making out a prima facie case for resentencing under section 1172.6." (*Strong, supra*, 13 Cal.5th at p 721.) "This is true even if the trial evidence would have been sufficient to support the findings under *Banks* and *Clark*." (*Id.* at p. 710.)

*Strong Mandates the Reversal of the Order*
*Summarily Denying Appellant's Petition*

The trial court denied appellant's petition without issuing an order to show cause because it concluded that the jury's special circumstance findings rendered him ineligible for section 1172.6 relief as a matter of law. The Attorney General correctly acknowledges that, since the jury's findings were rendered before *Banks* and *Clark*, they do not preclude appellant from making the requisite prima facie showing under section 1172.6, subdivision (c). (*Strong, supra*, 13 Cal.5th at p 721.) We accept the Attorney General's concession that "the matter should be remanded for the trial court to issue an order to show cause and conduct an evidentiary hearing pursuant to section 1172.6, subdivision (d)(3)."

6

We express no opinion on the merits as to whether appellant was a "major participant" who acted with "reckless indifference to human life." In the first instance, this is addressed to the Superior Court sitting as trier of fact. (*People v. Schell* (2022) 84 Cal.App.5th 437, 442, review denied Dec. 28, 2022, S277446.)

*Disposition*

Our original decision filed on May 24, 2021 is vacated. The order denying appellant's section 1172.6 petition is reversed. The matter is remanded to the trial court with directions to (1) reappoint counsel, (2) issue an order to show cause, and (3) conduct an evidentiary hearing in accordance with section 1172.6, subdivision (d).

NOT TO BE PUBLISHED.

YEGAN, J.

We concur:

GILBERT, P. J.

BALTODANO, J.

7

Rogelio Delgado, Judge

Superior Court County of Los Angeles

_____

Tracy A. Rogers, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Xavier Becerra, Attorneys General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Michael R. Johnsen, Supervising Deputy Attorney General, Michael C. Keller, Charles S. Lee, Deputy Attorneys General, for Plaintiff and Respondent.